UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDY HUMPHREY, individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 14 C 1157 |
| v. | ) ) | Judge Sara L. Ellis |
| United Healthcare Services, Inc., | ) ) ) | |
| Defendant. | ) | |

### OPINION AND ORDER

Plaintiff Andy Humphrey has sued United Healthcare Services, Inc. ("United") alleging that United violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.*, by calling Humphrey without his consent via an automated telephone system using a recorded message. Humphrey brings his case as a class action, seeking to represent others who also received automated calls from United without prior consent. The parties agree that this case is substantially similar to another case, *Matlock v. United Healthcare Services, Inc.,* No. 2:13-cv-2206-MCE-EFB (E.D. Cal.), a putative nationwide class action against United premised on United's automated calls to non-consenting individuals. The parties agree that this case and *Matlock* should be decided by the same court. The parties disagree, however, on how and where the cases should be litigated. Humphrey filed a motion before the Judicial Panel on Multidistrict Litigation (the "MDL Panel"), requesting that the cases be consolidated as a multidistrict litigation ("MDL") in the Northern District of Illinois. MDL No. 2549, Doc. 1. Humphrey asks the Court to stay this case until the MDL Panel rules on his motion. United asks the Court to transfer this case to the Eastern District of California, where *Matlock* is pending, pursuant to the

first-filed doctrine because *Matlock* was filed six months before Humphrey brought this case. Because the Court finds that transferring this action to the Eastern District of California is the most efficient way to handle these duplicative cases, the Court grants United's motion to transfer [17]. The Court denies Humphrey's motion to stay proceedings [20].

## BACKGROUND

On October 22, 2013, six months before this case was filed, Jack Matlock filed a putative class action against United in the Eastern District of California. Doc. 19-1. Matlock alleges that he received telephone calls on his cell phone from United via an automated telephone dialing system using an artificial or prerecorded voice. Such phone calls are known as "robocalls." The recording indicated that the intended recipient of the calls was Willard Hanlin, not Matlock. The recording stated that the calls were to remind Hanlin to get a flu shot. Matlock seeks to represent a nationwide class of individuals who received robocalls from United without their consent, alleging that these calls violate the TCPA. Because Matlock's complaint hinges on interpretations of the terms "called party" and "prior express consent" in the TCPA, United filed a petition with the Federal Communications Commission ("FCC") seeking an expedited declaratory ruling on those issues. *Matlock*, 2014 WL 1155541, at *1 (E.D. Cal. Mar. 20, 2014). Matlock also asked the FCC for an opinion regarding whether its "wrong number" robocalls may be subject to a "good faith exception to liability." *Id*. The *Matlock* court granted United's motion to stay the case pending the FCC's ruling. *Id.* at *2.

Humphrey filed this case on February 18, 2014. Like Matlock, Humphrey claims to have received robocalls from United. The calls indicated that United was attempting to reach Johnny Perez, rather than Humphrey. The automated voice stated that United wanted "to share some information" and to make sure that Perez "ha[d] all [he] need[ed] to help [him] live a healthier

2

life." Doc. 1 ¶ 6. Humphrey seeks to certify a nationwide class of individuals who received calls from United. Doc. 15, p. 2.

## ANALYSIS

The parties agree that litigating this case and *Matlock* separately would be a waste of judicial resources. But the parties disagree on the best path forward. Humphrey seeks to consolidate the cases as an MDL pursuant to 28 U.S.C. § 1407. Humphrey's § 1407 motion is not actually before the Court; rather it is the providence of the MDL Panel. But in order to allow the MDL Panel to rule on his motion to consolidate *Matlock* and this case in the Northern District of Illinois, Humphrey requests that the Court stay this litigation pending the MDL Panel's decision. United, on the other hand, urges the Court to transfer this case to the Eastern District of California pursuant to 28 U.S.C. § 1404(a).

Courts have discretion to transfer cases to another district "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The Supreme Court has advised that § 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)). "The statute permits a 'flexible and individualized analysis' and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (citation omitted).

The "first-filed" doctrine complements § 1404 and other procedural rules by stating that when faced with two identical or nearly identical cases, "the first case should be allowed to

3

proceed and the second should be abated." *Asset Allocation & Mgmt. Co. v. W. Emp'rs Ins. Co.*, 892 F.2d 566, 573 (7th Cir. 1989). The first-filed doctrine does not create a hard and fast rule of chronology, but rather grants district courts discretion by giving courts the "'power, [but] not a duty,' to enjoin a second-filed case." *Research Automation*, 626 F.3d at 980 (quoting *Asset Allocation*, 892 F.2d at 572 (alteration in original)). The doctrine is "premised on the notion that there should not be simultaneous litigation of essentially identical claims in two federal district courts; one of those actions should yield to the other in the interest of judicial economy." *Alchemist Jet Air, LLC v. Century Jets Aviation, LLC*, No. 08 C 5386, 2009 WL 1657570, at *5 n.4 (N.D. Ill. June 12, 2009).

Courts have wide latitude in determining whether cases are sufficiently identical for the purposes of the first filed doctrine. *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Generally, courts will find that cases are identical if they involve the same issues and the same parties. *See id.* ("[G]enerally, a suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" (quoting *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)). Claims "need not be identical to satisfy the 'same issues' requirement of the first-to-file doctrine. Rather, it is sufficient if the issues 'substantial[ly] overlap.'" *Preci-Dip, SA v. Tri-Star Elect. Int'l, Inc.*, No. 08 C 4192, 2008 WL 5142401, at *2 (N.D. Ill. Dec. 4, 2008) (quoting *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (alteration in original)).

The Court finds that Humphrey's and Matlock's claims are essentially identical. Humphrey acknowledges that his claims and Matlock's are "based on the same core factual allegations." Doc. 14, p. 2. Humphrey further recognizes that "both pending class actions involve 'wrong party' TCPA claims. United Healthcare was attempting to call other persons

when they made robocalls to plaintiffs in the putative class actions." Doc. 15, p. 2. The calls were also similar in that they provided information, rather than soliciting business.

Additionally, the parties here and in *Matlock* are identical. Matlock and Humphrey both seek to represent a nationwide class of individuals who received unwanted robocalls from United. In cases like this, the relevant question is whether the class members would be the same in the two actions, not whether the named plaintiffs are the same. *Askin v. Quaker Oats Co.*, No. 11 CV 111, 2012 WL 517491, at *4 (N.D. Ill. Feb. 15, 2012) ("True, the named plaintiffs are not the same, but recent cases from this and other districts make clear that the class members are the proper focus of this inquiry."). The defendant is also the same in both actions, as Humphrey and Matlock sue United, and only United.

The Seventh Circuit has made clear that district courts may apply the first-filed doctrine in these situations so long as "the principles that govern requests for transfer do not indicate otherwise." *Research Automation*, 626 F.3d at 980. The "principles that govern requests for transfer" are outlined in § 1404(a) and constitute two separate prongs—convenience and the interest of justice. *Id.* at 978. In measuring relative convenience, courts consider: "(1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties." *Sojka v. DirectBuy, Inc.*, No. 12 C 9809, 2014 WL 1089072, at *2 (N.D. Ill. Mar. 18, 2014). The Court finds that none of these factors favors one party or another.

With regard to Humphrey's choice of forum, because he brings a nationwide class action his choice is not persuasive or entitled to deference. *Georgouses v. NaTec Res., Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997) ("[B]ecause plaintiff alleges a class action, plaintiff's home forum is irrelevant."); *Genden v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 621 F. Supp. 780,

5

782 (N.D. Ill. 1985) (noting that "the convenience of counsel" and "the location of the main class representative plaintiffs" are not "factors to be considered under Section 1404(a)").

As for the location of the material events, this factor hinges on United's conduct in placing these phone calls, not a plaintiff's behavior. *See Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 858 (N.D. Ill. 2007) (noting that "[w]ith respect to the situs of material events . . . the focus under [the statute] will be with respect to defendant's conduct, not plaintiffs [sic]"). The parties have not offered any evidence or allegations that United's conduct occurred in either Illinois or California. Therefore, this factor does not favor either party.

Access to proof and convenience of witnesses also fail to tip the balance one way or another. It does not appear that any of the witnesses—aside from Humphrey and Matlock—are located in either Illinois or California. *See Preci-Dip*, 2008 WL 5142401, at*3 ("Because neither party's likely witnesses live in or near Illinois, litigating the issues here would not be more convenient for them."). Nor is there any reason to believe that significant documentary evidence will be located in either state.

With regard to the convenience of the parties, while Humphrey contends that Chicago is more accessible by airplane than Sacramento, the Court does not find this factor persuasive. *See Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 915 (N.D. Ill. 2009) (noting that "Kansas is no less convenient than Chicago for the parties" where the plaintiff brought a putative nationwide class action). Nor is the Court persuaded by Humphrey's assertion that United maintains a customer service office in Chicago. United is headquartered in Minnesota and there is no reason to believe that any witness resides in the Chicago area. Therefore, there is little convenience to be gained from litigating the cases in this district.

The interest of justice prong "relates to the efficient administration of the court system." *Allstate Ins. Co. v. Regions Bank*, No. 13 C 5140, 2014 WL 440253, at *5 (N.D. Ill. Feb. 4, 2014). In weighing the interest of justice, "[c]ourts consider factors such as the likelihood of a speedy trial, each court's familiarity with the applicable law, the desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Id*. The Court finds that these factors similarly fail to tip the balance in Humphrey's favor, and, if anything, support transferring the case to the Eastern District of California. Humphrey contends that the speedy trial factor mandates keeping the case in this district because the average civil case in this district is disposed of in 6.8 months, while the average disposition time in the Eastern District of California is 9.2 months. But Humphrey ignores that *Matlock* was filed six months before this case, more than making up for this difference in average time of disposition. Moreover, Humphrey undermines his speedy trial argument by requesting that the Court stay this case pending a decision by the MDL Panel.

The remaining factors—each court's familiarity with the applicable law, the desirability of resolving the controversy in each locale, and the relationship between each community and the controversy—are equally unhelpful to Humphrey's position. At the very least, these factors are a wash. This Court is no more expert in applying the TCPA than the *Matlock* court. If anything, the *Matlock* court is more familiar with the issues as a result of having the case for an additional six months. Nor is there any reason to believe that the community in the Northern District of Illinois is any more interested in the outcome of this case than the Eastern District of California, as it is a putative nationwide class-action without any connection to the district aside from Humphrey's residence here.

Humphrey has asked the MDL Panel to consolidate this case with *Matlock* as an MDL in this district. The question of whether to consolidate the cases as an MDL is not before the Court. That is a question for the MDL Panel to decide. Meanwhile, though, the Court is faced with United's motion to transfer and Humphrey's motion to stay. Analyzing each on their merits and in light of applicable law, the Court finds that transferring this case to the Eastern District of California, where *Matlock* is pending, best promotes judicial economy and prevents duplicative litigation in separate districts. The Court finds that there is no benefit to be had from a stay pending the MDL Panel's decision. The MDL Panel will decide Humphrey's motion in its best judgment. Nothing in this Opinion and Order should be read to disturb the MDL Panel's jurisdiction.

## CONCLUSION

For the above reasons, the Court grants United's motion to transfer [17]. The Court denies Humphrey's motion for partial stay of litigation [20].

Dated: July 16, 2014

SARA L. ELLIS
United States District Judge